■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON POWELL, Appellant. [856 NYS2d 859]—Judgment, Supreme Court, New York County (Micki A. Scherer, J.), rendered April 11, 2007, as amended April 17, 2007, convicting defendant, upon his plea of guilty, of robbery in the second degree (seven counts) and attempted robbery in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 14 years, unanimously affirmed.

We perceive no basis for reducing defendant's sentence. Defendant's claim regarding the imposition of a mandatory surcharge and fees is without merit (see People v Harris, 51 AD3d 523 [2008]). Concur—Lippman, P.J., Mazzarelli, Sweeny, Moskowitz and Renwick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE IRIZARRY, Appellant. [857 NYS2d 566]—

Judgment, Supreme Court, Bronx County (Robert Sackett, J.), rendered November 16, 2004, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first and second degrees, and criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, 12 years, 6 years and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's homicidal intent could be readily inferred from his actions (see e.g. People v Suero, 235 AD2d 357 [1997], lv denied 89 NY2d 1101 [1997]), and we reject defendant's claim that certain testimony by prosecution witnesses undermined that inference. The element of serious physical injury required for first-degree assault was satisfied by evidence that the victim's injuries resulted in permanent scarring, as well as a protracted impairment of his health that necessitated two separate hospitalizations.

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ.