■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Appellant. [860 NYS2d 30]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered June 29, 2006, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). On the contrary, we find the evidence of guilt to be overwhelming. There is no basis for disturbing the jury's determinations concerning credibility. The victim's testimony was extensively corroborated by police observations and the recovery of physical evidence. Any discrepancies between the accounts of the incident given by the victim and by the officers were insignificant.

The court properly exercised its discretion in directing defense counsel to confine his summation to matters in evidence (*see People v Blount*, 286 AD2d 649 [2001], *lv denied* 97 NY2d 701 [2002]). In particular, to the extent counsel sought to comment on the behavior of a spectator during the victim's testimony, that behavior did not constitute evidence under the circumstances of the case (*see People v Ferguson*, 82 NY2d 837 [1993]). The court did nothing to restrict counsel's ability to comment on the demeanor of the victim or any other witness.

The court correctly interpreted a note from the deliberating jury as an inquiry into whether a partial verdict was permissible. Moreover, the note specifically referred to the jury's inability to reach a verdict on one or more of the robbery counts. There was no reasonable possibility that the jury misunderstood, or was asking for further guidance on, the general requirement of unanimity. In any event, defendant could not

have been prejudiced (*see People v Lourido*, 70 NY2d 428, 435 [1987]) by the court's failure to re-explain the need for a unanimous verdict, because the jury, which was polled, unanimously convicted him of assault and acquitted him of all other charges.

To the extent that defendant is raising constitutional claims relating to the summation and supplemental charge issues, such claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Williams, Moskowitz and Acosta, JJ.