(October 30, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GUARINO, Appellant. [867 NYS2d 52]—

Judgments, Supreme Court, New York County (Arlene Goldberg, J.), rendered October 5, 2006, convicting defendant, after a jury trial, of criminal possession of stolen property in fourth degree (two counts) and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, and also convicting him, upon his pleas of guilty, of criminal possession of stolen property in the fourth degree and bail jumping in the second degree, and sentencing him to an aggregate term of 3 to 6 years, to run consecutively to the sentences imposed on the trial conviction, unanimously affirmed.

Defendant's legal sufficiency argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also find that the verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). On the contrary, we find the evidence to be overwhelming. There is no basis for disturbing the jury's determinations concerning credibility; we note that the codefendant's testimony was thoroughly corroborated by police observations. The evidence established that defendant criminally possessed lost property that had become stolen within the meaning of Penal Law § 155.05 (2) (b). Defendant acquired the victim's lost purse and credit cards and had no intention of making any effort, reasonable or otherwise, to return them; on the contrary, he intended to use the credit cards to benefit himself.

Any error in the receipt of uncharged crimes evidence was harmless in view of the overwhelming proof of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentences. Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ.