THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant. [911 NYS2d 65]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 24, 2008, convicting defendant, after a jury trial, of attempted murder in the first degree (two counts), rape in the first degree (two counts), robbery in the first degree (two counts), burglary in the first degree (two counts), kidnapping in the first degree, arson in the second degree, assault in the first degree (five counts), attempted assault in the first degree (two counts), assault in the second degree, criminal sexual act in the first degree (eight counts) and predatory sexual assault (12 counts), and sentencing him, as a second violent felony offender, to an aggregate term of 422 years to life, unanimously affirmed.

The court properly exercised its discretion when it directed that defendant be kept in restraints during the trial. Restraints are permissible when "justified by a state interest specific to a particular trial" (*Deck v Missouri*, 544 US 622, 629 [2005]), and the court makes "a sufficient inquiry to satisfy itself of the facts that warrant the restraint" (*People v Buchanan*, 13 NY3d 1, 4 [2009]). In the first place, defendant's prior conduct both while at liberty and in custody, and the charged conduct in the present case, were all exceptionally violent. Furthermore, while incarcerated on the present charges, defendant displayed a pattern of dangerous and violent behavior that continued until shortly before trial, causing the Department of Correction to take special precautions. Defendant argues that he never became violent in a courtroom; however, given the information before it, the court was not obligated to wait for such an event to happen. In addition, the court minimized the prejudicial impact of the restraints by directing the use of coverings that limited their visibility to the jury.

As to each count, the verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established defendant's guilt of attempted first-degree murder under a witness-elimination theory (Penal Law § 125.27 [1] [a] [v]). Under the facts presented, the victim was a witness to a crime "committed on a prior occasion" within the meaning of that statute (*see People v McIntosh*, 53 AD3d 1, 4-6 [2008], *lv denied* 11 NY3d 833 [2008]). While defendant restrained, and periodically abused, the victim over a period of 19 hours at a single location, the jury could have reasonably concluded that this period had several distinct phases or stages, and that at least by the final stage defendant had formed an intent to kill the victim in order to prevent her from reporting the crimes he committed at the earlier stages.

The evidence also established attempted first-degree murder under a theory of "depraved infliction of extreme physical pain" (Penal Law § 125.27 [1] [a] [x]). The jury could have reasonably found that the only explanation for defendant's extreme violence toward the victim was that he "relished" doing so within the meaning of the statute.

We have considered and rejected defendant's challenges to one of the first-degree assault convictions, including his claim that it was based on an allegedly duplicitous count. Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.