■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant. [912 NYS2d 400]—Judgment, Supreme Court, Bronx County (Eileen Koretz, J.H.O.) rendered June 18, 2009, convicting defendant, after a nonjury trial, of harassment in the second degree and sentencing him to a conditional discharge with community service, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's course of conduct, viewed as a whole, supports the inference that, regardless of whether he also intended to resist arrest, his action was intended to harass, annoy, or alarm the arresting officer.

Defendant's remaining contentions are unavailing (*see People v Correa*, 15 NY3d 213 [2010]). Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.

■ ELLEN OXMAN, Appellant, v JOHN CRAIG OXMAN, Respondent. [910 NYS2d 652]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered on or about November 6, 2009, which denied plaintiff's motion for legal fees incurred in filing a postjudgment petition to modify a stipulated settlement, unanimously affirmed, without costs.

In 2007, plaintiff petitioned to modify the stipulated custody provisions of a parenting agreement that had been incorporated in the judgment of divorce. The subject matter of that petition was resolved in an amended parenting agreement in 2009, the final paragraph of which stipulated that "Both Parents agree that the Mother's attorney may petition the court for the payment of legal fees resulting from this litigation." A paragraph in the original parenting agreement that survived the amended agreement, under which plaintiff now claims fees and costs, applies not to this type of proceeding—a change in circumstances, warranting a change in child custody—but rather to where one party has breached the agreement. There was not even an allegation of breach here. Even if there had been, recovery of counsel fees would, under the relevant language of the original agreement, be available only if the party seeking relief "substantially prevail[ed]" in her application, which was not the case here.

We have considered plaintiff's remaining contention and find it unavailing. Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.