■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON MOCZO, Appellant. [926 NYS2d 81]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered February 26, 2009, convicting defendant, after a jury trial, of rape in the first degree (three counts), criminal sexual act in the first degree (three counts), aggravated sexual abuse in the third degree, criminal possession of a weapon in the third degree and endangering the welfare of a child, and sentencing him, as a second violent felony offender, to an aggregate term of 23 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of inconsistencies in testimony.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court only permitted inquiry into a portion of defendant's criminal history. Defendant's burglary conviction, including its underlying facts, was probative of defendant's credibility, and that probative value outweighed any prejudicial effect. The facts of the burglary were very different from the charges on which defendant was being tried.

The court properly exercised its discretion when it permitted the People to introduce a recording of a 911 call. The tape was admissible under the excited utterance and present sense

impression exceptions to the hearsay rule. We reject defendant's argument that the tape's prejudicial effect outweighed its probative value. The tape provided significant corroboration of the victim's testimony. Any differences between the victim's testimony and the account of the incident relayed on the tape did not go to admissibility. Instead, they went to the weight to be accorded the tape by the jury.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Friedman, Catterson and Richter, JJ.