█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD RINGER, Appellant. [933 NYS2d 287]—

Defendant did not preserve his challenge to the sufficiency of the evidence, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports an inference of constructive possession (*see People v Manini*, 79 NY2d 561, 573 [1992]), and it does not support defendant's theory that a coworker may have secreted drugs in defendant's personal workstation.

The prosecutor's summation did not deprive defendant of a fair trial. Defendant objected to a particular remark as vouching for a witness. However, that remark was a permissible comment on a matter of credibility, and the prosecutor did not become an unsworn witness or interject her personal integrity (*see People v*

*Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998]; *compare People v Moye*, 52 AD3d 1 [2008], *affd* 12 NY3d 743 [2009]). Defendant objected to another remark as improperly suggesting that defendant had sold drugs to another person immediately before the police executed a search warrant at defendant's workplace. However, that was a reasonable inference from the evidence, and relevant to another charge in the indictment. Defendant's remaining challenges to the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court erred in admitting evidence of two bags of cocaine found near defendant, since the People had stipulated at the suppression hearing that they did not intend to offer that evidence at trial (CPL 710.60 [2] [b]). Under the statute, such a stipulation has the effect of suppressing the evidence. Nevertheless, the error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). The police found 88 bags of cocaine in defendant's workstation, and the additional bags added little or nothing to their case. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.