■ In the Matter of TAYQUAN T., a Person Alleged to be a Juvenile Delinquent, Appellant. [937 NYS2d 186]—

The court's finding was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Acting in our role as a second factfinder (see People v Delamota, 18 NY3d 107, 116-117 [2011]), we are "not convinced that the [court] was justified in finding that guilt was proven beyond a reasonable doubt" (id. at 117).

The complainant's testimony did not incriminate appellant in any way. The only evidence that appellant punched the complainant was the probable cause hearing testimony of another youth from the group that set upon the complainant. This prior testimony was received in evidence because the boy, who was implicated in the assault by another boy in the group, asserted his Fifth Amendment privilege at the fact-finding hearing. As a result, this boy was not cross-examined at the fact-finding hearing, and was only subject to the type of cross-

examination appropriate for a probable cause hearing. We find these circumstances relevant to the weight to be accorded the boy's prior testimony.

Furthermore, the boy's testimony was materially inconsistent with the complainant's in a number of ways. Most prominently, he testified that the complainant was struck a total of two or three times by two different boys, while the complainant testified that he was hit once by one boy, whom he could not identify because he was punched from behind. In addition, the presentment agency introduced appellant's statements to the police, which were both exculpatory and generally consistent with the complainant's testimony.

Even after according due deference to the court's credibility determinations, we are unable to find, under the unusual circumstances of this case, that the fact-finding determination comported with the weight of the evidence. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.