■ In the Matter of ALICIA C., a Person Alleged to be a Juvenile Delinquent, Appellant. [942 NYS2d 872]—Order of disposition, Family Court, Bronx County (Nancy M. Bannon, J.), entered on or about October 25, 2010, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts that, if committed by an adult, would constitute the crimes of robbery in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and placed her with the Office of Children and Family Services for a period of 12 months, unanimously affirmed, without costs.

The court's findings were based on legally sufficient evidence and were not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning identification, voluntariness and credibility. Appellant made a voluntary and reliable statement that corroborated the identification testimony given by the victim. Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román, JJ.

■ In the Matter of TAYSHAWN S., a Child Alleged to be Neglected. TYON S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [942 NYS2d 872]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about May 4, 2011, which, upon a fact-finding determination that respondent mother neglected the subject child, placed the child in the custody and guardianship of the Commissioner of Social Services until completion of the next scheduled permanency hearing, unanimously affirmed, without costs.

The finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f]; § 1046 [b] [i]). The evidence showed that respondent left her six-year-old son alone in their apartment after midnight for two to three hours, lied to police by telling them that the child was staying with her mother, hit the child with a brush on another occasion, and burned him with a hot cigarette lighter (*see e.g. Matter of Shayna R.*, 57 AD3d 262 [2008]). There exists no basis upon which to disturb the court's credibility determinations (*see Matter of Jared S. [Monet S.]*, 78 AD3d 536 [2010], *lv denied* 16 NY3d 705 [2011]).

We have considered respondent's remaining contentions, including that her due process rights were violated, and find them unavailing. Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román, JJ.