Order of disposition, Family Court, Bronx County (Jeanette Ruiz, J.), entered on or about February 27, 2012, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts that, if committed by an adult, would constitute the crimes of assault in the third degree, attempted assault in the third degree and menacing in the third degree, and placed her on probation for a period of 12 months, unanimously modified, on the law, to the extent of vacating the finding as to assault in the third degree and replacing it with a finding of attempted assault in the third degree, and otherwise affirmed, without costs.
Except as indicated, the court’s finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court’s credibility determinations.
*584 In each of the two incidents at issue, appellant’s intent to cause physical injury could be readily inferred from her violent and unprovoked conduct (see e.g. Matter of Keene J., 253 AD2d 679 [1st Dept 1998]). In one incident appellant punched the victim in the face, and in the other incident appellant repeatedly stomped on the victim’s head as she lay on the ground.
The evidence also established third-degree menacing regarding the second incident, where appellant stomped on the victim’s head while stating that she was going to “finish that girl,” which the victim interpreted to mean appellant was going to injure her. This established that appellant, by physical menace, intentionally placed the victim in fear of physical injury (see Matter of Daniel R., 49 AD3d 266 [1st Dept 2008]).
As the presentment agency concedes, the evidence regarding the first incident only established an attempted assault.
The court properly exercised its discretion when it denied appellant’s request to convert the proceeding to a person in need of supervision proceeding, and instead adjudicated her a juvenile delinquent and placed her on probation. That disposition was appropriate in light of the violent, unprovoked nature of the underlying incidents, appellant’s pattern of aggressive behavior in and out of the home, and her poor school record (see e.g. Matter of Steven C., 99 AD3d 570 [1st Dept 2012]).
Concur— Andrias, J.E, Acosta, Freedman, Richter and Gische, JJ.