Neil Reese et al., Plaintiffs, v 100 Church Street LLC et al., Defendants, Lionshead 100 Development LLC, et al., Respondents, and Marsons Contracting Co. Inc., Appellant. Lionshead 100 Development LLC et al., Second Third-Party Plaintiffs-Respondents, v KSW Mechanical Services, Inc., Second Third-Party Defendant-Appellant. Neil Reese et al., Appellants, v 100 Church Street LLC, et al., Defendants, and Lionshead 100 Development LLC et al., Respondents. Lionshead 100 Development LLC, et al., Second Third-Party Plaintiffs-Respondents, v KSW Mechanical Services, Inc., Second Third-Party Defendant-Respondent. [979 NYS2d 797]—

Concur—Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.

The People of the State of New York, Respondent, v Radhames Rodriguez, Appellant. [979 NYS2d 517]—

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The jury could have reasonably concluded that when defendant beat the victim with the handle of a machete, resulting in multiple injuries, this object constituted a dangerous instrument under the circumstances in which it was used, within the meaning of Penal Law § 10.00 (13).

We perceive no basis for reducing the sentence. Concur—Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.

The People of the State of New York, Respondent, v Richard Garcia, Appellant. [980 NYS2d 11]—