THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FELDER, Appellant. [5 NYS3d 22]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered April 27, 2012, convicting defendant, after a jury trial, of burglary in the third degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's overall course of conduct supports an inference that when he entered an employees-only part of a department store, he did so with intent to commit a crime (*see People v Castillo*, 47 NY2d 270, 277-278 [1979]).

The court properly received limited evidence of an uncharged trespass that occurred shortly before the charged crime. Defendant's entries into the employees-only sections of two department stores were plainly part of the same chain of events, and defendant's arguments to the contrary are without merit. The evidence of the first trespass was necessary to complete the narrative of events leading up to defendant's arrest, including explaining why the police targeted defendant and focused on his continuing activity (*see People v Morris*, 21 NY3d 588 [2013]). The court properly exercised its discretion in determining that the stipulations proposed by defendant were not suitable alternatives to the introduction of this evidence (*see id.* at 599). Any prejudice was minimized by the court's limiting instruction.

The challenged portions of the prosecutor's summation did not contain any material misstatements of law, and did not deprive defendant of a fair trial. Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.