■ In the Matter of Kawon W., a Person Alleged to be a Juvenile Delinquent, Appellant. [9 NYS3d 25]—Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered March 3, 2014, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of marijuana in the fifth degree, and placed him on probation for a period of 10 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress physical evidence. There is no basis for disturbing the court's credibility determinations. When a police officer asked appellant about the address of a nearby building, this did not even constitute a level one inquiry (*see People v Thornton*, 238 AD2d 33, 34-35 [1st Dept 1998]; in any event, the officer had the requisite "objective credible reason" (*People v De Bour*, 40 NY2d 210, 223 [1976]) for such an inquiry.

The court's fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). We likewise find no basis for disturbing the court's credibility determinations. The "open to public view" element of fifth-degree marijuana possession (Penal Law § 221.10 [1]) was established by evidence that defendant exposed to public view what was plainly a marijuana cigarette (*see Matter of Michael I.*, 309 AD2d 598 [1st Dept 2003], *lv denied* 1 NY3d 508 [2004]). Concur—Acosta, J.P., Saxe, DeGrasse and Richter, JJ.