(October 1, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LEWIS, Appellant. [17 NYS3d 673]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered October 4, 2011, convicting defendant, after a jury trial, of enterprise corruption, scheme to defraud in the first degree, grand larceny in the fourth degree (three counts), and attempted grand larceny in the fourth degree, and sentencing him to an aggregate term of 7 to 21 years, unanimously affirmed.

Defendant did not preserve his claim that the evidence was legally insufficient to prove the criminal enterprise element of enterprise corruption, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant's claim that he served the dominant role in perpetrating the crimes, thus preventing the enterprise from continuing in his absence, is no defense to enterprise corruption (see People v Keschner, 110 AD3d 216, 221-225 [1st Dept 2013], affd 25 NY3d 704 [2015]). We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]).

In this case involving extortion directed at construction contractors, the court providently exercised its discretion in admitting evidence of more than 100 calls to New York City's 311 system complaining of purported safety violations and fire hazards at construction sites. The evidence that defendant or his accomplices had made voluminous complaints of that type,

not pertaining to any specifically charged victims, was directly relevant to establishing defendant's ongoing course of conduct beyond the specific pattern acts for purposes of the enterprise corruption and scheme to defraud counts. The evidence was also properly admitted to show defendant's motive and intent with respect to the counts alleging grand larceny by extortion against specific victims (*see People v Alvino*, 71 NY2d 233 [1987]; *People v Peckens*, 153 NY 576, 592-593 [1897]). The probative value of this evidence exceeded any prejudicial effect (*see People v Mateo*, 2 NY3d 383, 424-425 [2004], *cert denied* 542 US 946 [2004]). In any event, any error was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant failed to preserve his purported due process challenge to the admission of the 311 complaints (which amounts to a state evidentiary claim that is not of constitutional dimension), or his contention that the prejudicial effect was compounded by the prosecutor's references to the 311 complaints in summation. We decline to review these unpreserved arguments in the interest of justice. As an alternative holding, we reject them on the merits.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Renwick, Andrias and Kapnick, JJ.