■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WALKER, Appellant. [17 NYS3d 871]—

Judgment, Supreme Court, Bronx County (Fernando Tapia, J.), rendered August 20, 2013, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of five years, unanimously affirmed.

The record supports the court's determination that, notwithstanding suppressed identification procedures, the victim had an independent source for her identification of defendant (see *Neil v Biggers*, 409 US 188, 199-200 [1972]; *People v Williams*, 222 AD2d 149, 153 [1st Dept 1996], *lv denied* 88 NY2d 1072 [1996]). Although the victim's time to observe defendant before, during and after the robbery was very limited, her observations were made under good lighting conditions, with a clear view of defendant's face, except for the small area covered by a hat (see e.g. *People v Bouchereau*, 255 AD2d 389 [2d Dept 1998], *lv denied* 93 NY2d 966 [1999]; *Matter of Jason V.*, 171 AD2d 447, 447 [1st Dept 1991]). She also gave a detailed and accurate description of defendant.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. In addition to the victim's identification testimony, there was circumstantial evidence that not only undermined defendant's alibi defense, but tended to place him in the vicinity of the robbery around the time it was committed. Concur—Sweeny, J.P., Saxe, Richter and Gische, JJ.