■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGUES-DENVER AKASSY, Appellant. [19 NYS3d 882]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered November 17, 2011, as amended December 29, 2011, convicting defendant, after a jury trial, of rape in the first degree, three counts of aggravated harassment in the second degree, and two counts of stalking in the third degree, and sentencing him to an aggregate term of 20 years, and order (same court and Justice), entered on or about October 3, 2014, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting his rape conviction (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Even without testimony from the victim, a foreign tourist who did not return to the United States for trial, there was ample evidence, in many forms, to support the conclusion that the sex act was forcible, and not consensual as claimed by defendant.

The court properly admitted, under the excited utterance exception to the hearsay rule, statements that the victim made to a man she approached after she emerged from a wooded area in the park where the incident occurred (see People v Johnson, 1 NY3d 302 [2003]; People v Gantt, 48 AD3d 59, 64 [1st Dept 2007], lv denied 10 NY3d 765 [2008]). The record fully supports inferences that the victim's statements closely followed a startling event, and were "so influenced by the excitement and shock of the event that it is probable that . . . she spoke impulsively and without reflection" (People v Caviness, 38 NY2d 227, 231 [1975]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's pro se arguments, including those relating to the court's denial of his CPL 440.10 motion (45 Misc 3d 1211[A], 2014 NY Slip Op 51543[U] [Sup Ct, NY County 2014]).

Concur—Sweeny, J.P., Acosta, Andrias and Moskowitz, JJ.

---

Motion to declare a default and for other relief denied.