■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAWAUN FRANCIS, Appellant. [49 NYS3d 662]—

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered May 23, 2013, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 23 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of the People's principal witness's explanation for his initial identification of a person other than defendant as the assailant.

The court providently exercised its discretion in ruling that defendant could not, in the absence of additional evidence, argue that the person initially identified by the witness was the actual perpetrator (*see generally People v Primo*, 96 NY2d 351 [2001]), and this ruling did not deprive defendant of a fair trial or the right to present a defense. The court did not preclude defendant from introducing evidence of third-party culpability; on the contrary, it expressly invited defendant to introduce certain evidence of that nature. Rather than precluding a third-party culpability defense, the court providently ruled that such a defense could not, without more, be supported by the disavowed identification, which the witness explained as a deliberate falsehood. Defendant received a full opportunity to explore the misidentification and all surrounding circumstances, and to use these matters to attack the witness's credibility. While defendant cites additional evidence that would have supported the claim that the misidentified man was the actual perpetrator, he was free to introduce this evidence at trial but failed to do so. Even if the court had permitted defendant to specifically argue third-party culpability in summation, defendant would not have been entitled to argue about matters not in evidence. Defendant did not preserve his claim that the court applied the wrong standard in evaluating proffered third-party culpability evidence, and we decline to review it in the interest of justice. As an alternative holding, we find that the court's ruling, when viewed in the context of the entire record, essentially applied the correct standard even if the court and prosecutor used imprecise nomenclature in referring to the standard.

The evidentiary rulings challenged by defendant were provident exercises of the trial court's discretion that did not, in any event, cause defendant any prejudice.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.