■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIAM BUTTS, Appellant. [52 NYS3d 344]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered August 24, 2012, as amended September 10, 2012, convicting defendant, after a nonjury trial, of robbery in the first and second degrees, attempted robbery in the first and second degrees and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The court's verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The People established the operability of the recovered firearm, and defendant did not establish the affirmative defense to the first-degree robbery and attempted first-degree robbery charges that the firearm displayed "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]). There was expert testimony that, although the revolver was missing the spring that creates tension on the hammer, the revolver could be fired by using, as a replacement for the spring, a rubber band that had been found wrapped around its barrel when it was recovered. The expert testified that she test fired the revolver

several times, and found that it could easily be fired by means of the rubber band (*see People v Francis*, 126 AD2d 740 [2d Dept 1987]). A firearm that is no longer in the condition in which it was manufactured, but that can nevertheless be fired as the result of being modified or repaired using some expedient device, is still an operable firearm.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's pro se claims. Concur—Friedman, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.