THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL GURITY, Also Known as ANGEL GURIDY, Appellant. [55 NYS3d 204]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered April 3, 2014, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). In 2008, 15 years after the victim was found stabbed to death in her apartment, advanced DNA testing demonstrated that the semen found in her body was defendant's. While expert testimony made clear that this evidence established only that defendant and the victim had engaged in sexual intercourse at some point within approximately three days of the homicide, and there was evidence of a brief prior relationship between defendant and the victim in the months leading up to the crime, the totality of the

evidence established defendant's guilt beyond a reasonable doubt.

First, when police interviewed defendant in 2008, he claimed that he did not know the victim, that he could not recognize her in a 1993 photo, and that he never had sex with her. Under all the circumstances, the jury could have reasonably understood these responses as intentional falsehoods indicative of consciousness of guilt.

Second, while the medical examiner declined to opine that a sexual assault took place in the absence of evidence of overt trauma, the evidence—including that the victim's legs were spread open and that she was naked below the waist—suggested that the perpetrator committed both a sexual assault and a homicide. The permissible inference that there was a sexual assault would tend to implicate defendant because of the exclusive presence of his semen.

Third, an eyewitness who was outside the victim's apartment on the night of the murder, at a time consistent with the medical evidence regarding when the crime occurred, described a man who entered the apartment. Although the witness could not identify defendant at trial, defendant matched the witness's description in several significant respects, and there were plausible explanations for discrepancies regarding height and weight.

Finally, there was some evidence of a possible motive. A relative of the victim testified that the latter had rebuffed defendant's requests to move in with her because she was still hopeful of getting back together with her baby's father.

Accordingly, the evidence supports the jury's verdict. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kahn, JJ.