■ In the Matter of JULIO A., a Person Alleged to be a Juvenile Delinquent, Appellant. [64 NYS3d 517]—

Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about April 4, 2016, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), criminal possession of stolen property in the fourth degree, assault in the third degree, and criminal possession of stolen property in the fifth degree, and placed him on probation for a period of 15 months, unanimously affirmed, without costs. Appeal from fact-finding order, same court and Judge, entered on or about February 4, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

Appellant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations regarding identification and credibility.

To the extent that appellant argues that a showup identification should have been suppressed as unduly suggestive and that it tainted the victim's in-court identification of him, he never moved to suppress that evidence, and he thus failed to present a sufficient factual record for review (*see* Family Ct Act § 330.2). To the extent that appellant argues that the showup rendered the identification evidence unreliable, that claim is unavailing, because the evidence at the fact-finding hearing established that there was a reliable identification, in very close temporal and geographic proximity to the crime (*see generally People v Howard*, 22 NY3d 388, 402-403 [2013]). Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.