People v Rosado (2018 NY Slip Op 00101)





People v Rosado


2018 NY Slip Op 00101


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5392 5591/14

[*1]The People of the State of New York, Respondent,
v
Froilan Rosado, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Bryne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered September 15, 2015, convicting defendant, after a jury trial, of sex trafficking and two counts of promoting prostitution in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 7 to 14 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the credibility determinations of the jury. The evidence amply supported all of the elements of sex trafficking, including the requisite forcible compulsion (see Penal Law § 230.34[5][a]). One of the prostitutes who worked for defendant testified that he grabbed her by the throat when she refused to meet with a client she thought was an undercover police officer. She testified that she only went on the call because she feared defendant would harm her if she did not obey him.
The court providently exercised its discretion when it denied defendant's request for an inquiry into whether the jury had engaged in premature deliberations. The jurors' use of the word "we" in their midtrial request that the court explain the charges to them was not necessarily indicative of premature deliberations. Moreover, any prejudice was prevented by the court's constant reminder that premature deliberations were not permitted (see People v Mejias, 21 NY3d 73, 79-80 [2013]; People v Joaquin, 138 AD3d 422 [1st Dept 2016], lv denied 28 NY3d 931 [2016]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK