People v Wood (2018 NY Slip Op 01412)





People v Wood


2018 NY Slip Op 01412


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5880 1210/15

[*1]The People of the State of New York, Respondent,
v
Dexter Wood, also known as Dexter Rood, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered January 6, 2015, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 5½ years, unanimously affirmed.
Defendant's legal sufficiency claim relating to the serious physical injury element of first-degree assault is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that the victim's injury created a "substantial risk of death" (Penal Law § 10.00[10]). The attending physician
testified that the victim arrived at the hospital in "critical condition," meaning his injury, if not addressed, could result in his death, and that the stab wound to the victim's neck posed a substantial risk of death because of its location (see People v Jones, 38 AD3d 352 [1st Dept 2007], lv denied 9 NY3d 846 [2007]).
The court providently exercised its discretion in admitting the statement of a deceased declarant as an excited utterance, and admission of the statement did not violate the Confrontation Clause (see People v Paul, 25 AD3d 165, 168 [1st Dept 2005], lv denied 6 NY3d 752 [2005]). The police arrived at a shelter within minutes of learning of an assault in progress involving a knife, and saw a trail of blood, but had not found the weapon or the assailant. The declarant's excited utterance was not testimonial, because it was provided to help the police determine what happened and ensure the safety of other persons (Davis v Washington, 547 US 813, 822 [2006]; People v Nieves-Andino, 9 NY3d 12, 15-16 [2007]). To the extent there was any error, it was harmless.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK