People v Harris (2018 NY Slip Op 01876)





People v Harris


2018 NY Slip Op 01876


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


6034 3783/08

[*1]The People of the State of New York, Respondent,
v
Shariff Harris, Defendant-Appellant, Khalil Harris, et al., Defendants.


Steven R. Kartagener, New York, for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J. at severance motion; Barbara F. Newman, J. at jury trial and sentencing), rendered January 27, 2012, convicting defendant of robbery in the first degree, assault in the second degree, criminal sale of a controlled substance in the third degree (three counts) and conspiracy in the fourth degree, and sentencing him to an aggregate term of 19 years, unanimously affirmed.
We reject defendant's claim that his robbery conviction was against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations. There was overwhelming circumstantial evidence, including evidence obtained by wiretapping, of defendant's accessorial liability for this crime. Although a person separately convicted of the robbery testified, as a defense witness, that he acted alone, the jury had ample grounds to discredit this testimony, and the record supports its finding that the two men acted in concert.
Defendant forfeited his right to confront a witness who refused to testify. The court properly admitted the witness's grand jury testimony, because the People met their burden of showing by clear and convincing evidence that "the witness's unavailability was procured by misconduct on the part of the defendant" (People v Geraci, 85 NY2d 359, 365 [1995]). Defendant learned the identity of the witness at issue when his counsel provided him a copy of grand jury minutes with the witness's name handwritten on the first page. Shortly thereafter, defendant's younger brother posted on Facebook a copy of the first page of the transcript of the witness's grand jury testimony, along with denunciations of the witness as a "snitch." The post garnered numerous threatening comments, and the witness was assaulted within days of its appearance by unknown persons, one of whom called the witness a "rat." The inference of defendant's involvement in witness-tampering was inescapable. The record fails to support defendant's claim that, at the Sirois hearing (Matter of Holtzman v Hellenbrand, 92 AD2d 405 [2d Dept 1983]), the court precluded defendant from calling a witness.
Because defendant made a completely different severance motion, he failed to preserve his claim that he was entitled to a separate trial from one of his codefendants due to the allegedly prejudicial effect of a murder charge against that codefendant, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK