People v Lee (2018 NY Slip Op 08751)





People v Lee


2018 NY Slip Op 08751


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Richter, J.P., Manzanet-Daniels, Tom, Gesmer, Kern, JJ.


1181/12 -5559

[*1]7911 & The People of the State of New York, Respondent,
v
Jonathan Lee, Defendant-Appellant.


Stanley Neustadter, Cardozo Appeals Clinic, New York (Joshua S. Moskovitz of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shannon Henderson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered January 29, 2014, convicting defendant, after a jury trial, of attempted murder in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the second degree (two counts) and resisting arrest, and sentencing him, as a persistent violent felony offender, to an aggregate term of 40 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences run concurrently, and otherwise affirmed.
We reject defendant's argument that the attempted murder conviction was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-49 [2007]). The evidence supports inferences that defendant intended to kill a parole officer, and came dangerously close to doing so (see generally People v Bracey, 41 NY2d 296, 299-300 [1977]). During a prolonged and extremely violent struggle between defendant and several officers, defendant had his finger on the trigger of a pistol pointed at an officer while he threatened to kill her, and defendant was only prevented from firing the pistol by officers' actions in holding back the weapon's slide.
Defendant did not preserve his challenge to evidence that the parole officers were aware of defendant's history of violence and weapon possession, and we decline to review it in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in receiving this evidence, with suitable limiting instructions, as background information to explain the officers' actions leading up to the arrest, and that its probative value outweighed any prejudicial effect.
We find the sentence excessive to the extent indicated.
M-5559 - People v Lee
Motion to adjourn appeal denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK