People v Martinez-Herrera (2019 NY Slip Op 03534)





People v Martinez-Herrera


2019 NY Slip Op 03534


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


1619/12 9221 9220

[*1]The People of the State of New York, Respondent,
v
Juan Carlos Martinez-Herrera, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ross D. Mazer counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 20, 2016, as amended March 11, 2016, convicting defendant, after a jury trial, of murder in the second degree, manslaughter in the second degree, kidnapping in the first degree and robbery in the first degree (two counts), and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and the evaluation of conflicting expert testimony. In particular, the jury could have readily rejected defendant's implausible account of the victim's death and its aftermath. The evidence supports the conclusion that the victim's death was caused by the actions of defendant and his codefendant, which were reckless as well as being in the course of the crimes of robbery and kidnapping. We have considered and rejected defendant's claims that the verdict was against the weight of the evidence regarding certain other elements of the crimes at issue. Furthermore, although defendant casts his arguments in terms of weight of the evidence, to the extent he is also claiming the evidence was legally insufficient to establish guilt beyond a reasonable doubt, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.
The court providently exercised its discretion in precluding defense counsel from questioning the People's expert about matters that, under the circumstances, would have required defendant to lay an evidentiary foundation through other witnesses. As the court explained, no evidence had yet been presented that would justify the precluded questions. The court specifically invited the defense to recall the People's expert after laying a proper foundation through testimony by defendant or other witnesses. Thus the court's ruling was not essentially preclusive, but was addressed to the order of proof, which "is committed to the sound discretion of the trial court" (People v Caban, 5 NY3d 143, 151 [2005]). However, even after defendant and his own expert gave testimony that may have warranted recalling the People's expert, defense counsel did not seek to do so. We find that the court's ruling did not violate defendant's right to cross-examine witnesses and present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).
The admission of portions of the jointly tried, nontestifying codefendant's recorded telephone calls from Rikers Island, accompanied by jury instructions that they could only be used against the codefendant himself, did not violate defendant's confrontation rights under Crawford v Washington (541 US 36 [2004]) and Bruton v United States (391 US 123 [1968]). In these phone calls, the codefendant only referenced his own actions, without mentioning the presence, conduct or existence of an additional participant, identified or otherwise. Accordingly, the codefendant's statements did not facially implicate defendant, and therefore their admission at a [*2]joint trial, with proper limiting instructions, was permissible (see Richardson v Marsh, 481 US 200, 206-208 [1987]). Defendant's argument that, in the context of the case, the codefendant's admissions of his own criminality implicated defendant is similar to the "contextual implication" argument that the Richardson court expressly rejected (id. at 209). Additionally, admission of the statements did not violate Crawford because the recorded calls were clearly not testimonial under the "primary purpose" test of Davis v Washington (547 US 813, 828 [2006]). Moreover, "[b]ecause it is premised on the Confrontation Clause, the Bruton rule, like the Confrontation Clause itself, does not apply to nontestimonial statements" (United States v Johnson, 581 F3d 320, 326 [6th Cir 2009], cert denied 560 US 966 [2010]).
The court, which charged second-degree manslaughter as a lesser included offense of depraved indifference murder, properly denied defendant's request to also charge criminally negligent homicide. Given the manner in which defendant bound the victim's face and other body parts with multiple, tight layers of duct tape and electrical cords, there was no reasonable view of the evidence that he acted with criminal negligence rather than, at least, recklessness.
Defendant failed to preserve the following arguments: that the People's bill of particulars effectively incorporated the autopsy report, thereby limiting the People to the theory of causation contained in the report; that the court's full response to a jury note was defective or inadequate; and that the kidnapping charge merged with the robbery charge. We find defendant's arguments on the subject of preservation unavailing, and we decline to review any of these unpreserved claims in the interest of justice. As an alternative holding, we also reject them on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK