The People of the State of New York, Respondent,
against
Johnny Nunez, Appellant.




Appellate Advocates (Erin Tomlinson of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi and Joseph Z. Amsel of counsel), for respondent.
Consolidated
 appeal from (1) a judgment of the Criminal Court of the City of New York, Queens County (Gia L. Morris, J.), rendered September 30, 2014, and (2) an amended judgment of that court (Douglas S. Wong, J.) rendered March 11, 2015. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree and harassment in the second degree, and imposed sentence. The amended judgment revoked a sentence of probation previously imposed by that court, upon defendant's admission that he had violated a condition thereof, and resentenced defendant to concurrent jail terms of 75 days and 15 days, respectively. ORDERED that so much of the appeal as is from the portion of the judgment of conviction that imposed sentence is dismissed as academic, as that portion of the judgment of conviction was superseded by the amended judgment; and it is further,




ORDERED that the judgment of conviction, insofar as reviewed, and the amended judgment are reversed, on the law and facts, and the accusatory instrument is dismissed. 
Insofar as is relevant to this appeal, defendant was charged, in a prosecutor's information, as the result of an incident occurring on September 21, 2013, with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). Following a nonjury trial at which the complainant did not testify, defendant was convicted of these charges and was sentenced to a term of imprisonment and probation. On March 11, 2015, defendant pleaded guilty to a violation of probation and was resentenced to 75 days in jail on the attempted assault conviction and 15 days in jail on the harassment conviction, to run concurrently. On appeal, defendant contends, among other things, that he was denied his right to a fair trial because recordings of 911 calls were admitted into evidence without a proper [*2]foundation having been laid, and that the verdict was against the weight of the evidence.
In order for an audio recording to be admitted into evidence at trial, the People must lay a foundation establishing "proof of the accuracy or authenticity of the tape by clear and convincing evidence establishing that the offered evidence is genuine and that there has been no tampering with it" (People v Ely, 68 NY2d 520, 527 [1986] [internal quotation marks and citation omitted]). Such proof can be established by the testimony of a participant in the conversation that the recording is a complete and accurate reproduction of the conversation which has not been altered, by the testimony of a witness to the conversation to the same effect, by the testimony of a participant in the conversation together with proof by an expert that the recording has not been altered, or by testimony establishing the chain of custody of the recording (id., 68 NY2d at 527-528). 
Here, none of the participants in the complainant's 911 call or the 911 call that had allegedly been made by defendant testified at trial. The People did not offer any evidence that the recordings are "genuine and that there has been no tampering with [them]" (id. at 527), and they did not offer any expert evidence that the recordings had not otherwise been altered (see id.). Consequently, the only remaining means for the People to prove the accuracy or authenticity of the recordings was by introducing chain of custody evidence, which the People failed to do. Such proof "requires, in addition to evidence concerning the making of the tapes and identification of the speakers, that within reasonable limits those who have handled the tape from its making to its production in court identify it and testify to its custody and unchanged condition" (id. at 528 [internal quotation marks omitted]; cf. People v Patterson, 93 NY2d 80, 84 [1999] [chain of custody may be shown to prove the authenticity of a videotape or photograph "and even allow for acceptable inferences of reasonable accuracy and freedom from tampering"]). 
The tapes and records technician for the New York Police Department testified, among other things, that her office maintains the database in which recordings of 911 calls are kept and that she knew that the recordings of the 911 calls were "fair and accurate" recordings of the 911 calls because she had listened to the "original" recordings of the 911 calls that had been emailed to the District Attorney's Office. During voir dire, however, the technician testified that she was not the technician who had "made the extractions of the 911 calls," and was not "the person who made the e-mail job to the DA's office." While the technician claimed to have listened to the original recordings of the 911 calls, they, in fact, were recordings that had already been extracted from the database and sent to the District Attorney's Office. It is clear that the technician never accessed or listened to the calls contained in the police database. In addition, the certificate contained in People's Exhibit 5, which states that "to the best of [the declarant's] knowledge, after a reasonable inquiry, the digital recordings produced on January 16, 2014 are accurate versions of the recordings described in the request or subpoena duces tecum," cannot be used to attest to the accuracy of the recordings, made on September 21, 2013, the date of the incident, because none of the aforementioned statements support the conclusion that the offered recordings were genuine and that they had not been altered or tampered with (see People v Ely, 68 NY2d at 527). As no proper foundation was laid herein, the recordings of the 911 calls should not have been admitted into evidence (see id. at 527-528).
Upon the exercise of our factual review of the evidence (see CPL 470.15 [5]; People v [*3]Danielson, 9 NY3d 342, 348 [2007]; People v Romero, 7 NY3d 633, 636 [2006]), when eliminating therefrom any consideration of the recordings of the 911 calls, we find that the verdict convicting defendant of attempted assault in the third degree and harassment in the second degree was against the weight of the evidence.
We pass on no other issue.
Accordingly, the judgment of conviction, insofar as reviewed, and the amended judgment are reversed and the accusatory instrument is dismissed.
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2019