[880 NE2d 1, 849 NYS2d 480]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALIL DANIELSON, Also Known as KHALI DANIELSON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER PASLEY, Appellant.

Argued November 14, 2007; decided December 13, 2007

## POINTS OF COUNSEL

*James E. Neuman,* New York City, for appellant in the first above-entitled action. I. Because the Appellate Division incorrectly assumed that its "weight of the evidence" review power was limited to a review of the credibility of the witnesses, the matter should be remanded. (*People v Romero,* 7 NY3d 633; *People v Crum,* 272 NY 348; *People v Bleakley,* 69 NY2d 490; *People v Mateo,* 2 NY3d 383; *People v Gray,* 86 NY2d 10; *People v Acosta,* 80 NY2d 665; *People v Cahill,* 2 NY3d 14; *People v Noble,* 86 NY2d 814; *People v Cooper,* 88 NY2d 1056; *People v Foster,* 64 NY2d 1144.) II. The Appellate Division incorrectly evaluated the weight of the evidence according to the law at the time of the trial, rather than the law at the time of the appeal, and in doing so, gave undue deference to the jury's determination of the mens rea element of depraved indifference murder. (*People v Register,* 60 NY2d 270; *People v Favor,* 82 NY2d 254; *People v Morales,* 37 NY2d 262; *People v Kramer,* 267 AD2d 328; *Policano v Herbert,* 7 NY3d 588; *People v Sanchez,* 98 NY2d 373; *People v Feingold,* 7 NY3d 288; *People v Flack,* 125 NY 324; *People v Hafeez,* 100 NY2d 253; *People v Payne,* 3 NY3d 266.) III. Defendant was deprived of his state and federally guaranteed rights to effective assistance of counsel when his trial lawyer, while moving to dismiss for legal insufficiency, failed to specify an argument that would have prevailed on appeal. (*United States v Cronic,* 466 US 648; *People v Claudio,* 83 NY2d 76; *People v DeFreitas,* 213 AD2d 96; *Strickland v Washington,* 466 US 668; *Kimmelman v Morrison,* 477 US 365; *United States v Tarricone,* 21 F3d 474; *Quartararo v Fogg,* 679 F Supp 212; *Fos-*

*ter v Lockhart,* 9 F3d 722; *People v Baldi,* 54 NY2d 137; *People v Hobot,* 84 NY2d 1021.)

*Robert T. Johnson, District Attorney,* Bronx (*T. Charles Won, Joseph N. Ferdenzi* and *Nancy D. Killian* of counsel), for respondent in the first above-entitled action. I. The Appellate Division applied correct legal principles in deciding that the weight of the evidence supported the guilty verdict. (*People v Suarez,* 6 NY3d 202; *People v Romero,* 7 NY3d 633; *People v Bleakley,* 69 NY2d 490; *People v Cahill,* 2 NY3d 14; *People v Crum,* 272 NY 348; *People v Carthrens,* 182 AD2d 460; *People v Roberts,* 165 AD2d 598; *People v Al-Sullami,* 162 AD2d 691; *People v Gonzalez,* 1 NY3d 464; *People v Cooper,* 88 NY2d 1056.) II. Defendant received meaningful representation. (*People v Brown,* 45 NY2d 852; *People v Baldi,* 54 NY2d 137; *People v Benevento,* 91 NY2d 708; *People v Rivera,* 71 NY2d 705; *People v Caban,* 5 NY3d 143; *People v Stultz,* 2 NY3d 277; *Strickland v Washington,* 466 US 668; *Lockhart v Fretwell,* 506 US 364; *People v Register,* 60 NY2d 270; *Policano v Herbert,* 7 NY3d 588.)

*Center for Appellate Litigation,* New York City (*Abigail Everett* and *Robert S. Dean* of counsel), for appellant in the second above-entitled action. The appeal should be remanded to the Appellate Division for further consideration because (a) the Appellate Division failed to exercise the "full" scope of its constitutionally-mandated "weight-of-the-evidence review" (NY Const, art VI, § 4; CPL 470.15 [5]) and (b) to the extent that the Appellate Division did weigh the evidence, it should have followed the court's charge according to current law, particularly since the court told the jury that "depraved indifference to human life" was the required "mental state." (*People v Gray,* 86 NY2d 10; *People v Patterson,* 38 AD3d 431; *People v Pollenz,* 67 NY2d 264; *People v Noble,* 86 NY2d 814; *People v Suarez,* 6 NY3d 202; *People v Gonzalez,* 1 NY3d 464; *People v Hafeez,* 100 NY2d 253; *People v Feingold,* 7 NY3d 288; *People v Register,* 60 NY2d 270; *People v Bleakley,* 69 NY2d 490.)

*Robert M. Morgenthau, District Attorney,* New York City (*Vincent Rivellese* and *Mark Dwyer* of counsel), for respondent in the second above-entitled action. The Appellate Division's express finding that the verdict was not against the weight of the evidence should not be disturbed. (*People v Register,* 60 NY2d 270; *People v Sanchez,* 98 NY2d 373; *People v Gallagher,* 69 NY2d 525; *Policano v Herbert,* 7 NY3d 588; *People v Hafeez,* 100 NY2d 253; *People v Gonzalez,* 1 NY3d 464; *People v Payne,* 3

NY3d 266; *People v Suarez*, 6 NY3d 202; *People v Feingold*, 7 NY3d 288; *People v Danielson*, 40 AD3d 174.)

## OPINION OF THE COURT

Chief Judge KAYE.

These two appeals call upon us to determine the scope of weight of the evidence review when a defendant has failed to preserve a challenge to the legal sufficiency of his conviction. In particular, we are asked whether weight of the evidence review requires assessment of the elements of the crime for which defendant is convicted, or whether such review would simply be tantamount to back-door sufficiency review.

### Facts

In the first of the two appeals, *People v Danielson*, the People presented evidence at trial that defendant, together with fellow gang members Gerard Miller and Omari Green, plotted to kill Kenneth Andrews for "false flagging"—wearing a rival gang's bandana. The three arranged to take Andrews to a secluded area in Seton Falls Park in the Bronx to murder him.

The next day in the park, the group (including other residents of the group home in which they all lived) drank alcohol and smoked cigarettes and marijuana. Later, defendant, Miller and Green argued with Andrews about his false flagging, and the three shot Andrews. One of the group members not involved in the shooting testified that defendant was the first to draw his pistol and shoot Andrews eight times from about two feet away; that Miller next drew his handgun and shot the victim; and that Miller passed his firearm to Green, who shot Andrews once in the head. Green, also a prosecution witness, testified that Miller drew his weapon first and fired the eight shots; that defendant drew his pistol and shot Andrews four times; and that Miller passed Green his handgun, and Green shot Andrews in the head as Andrews lay on the ground. A medical examiner testified the cause of death was a shot either to Andrews' head or to his abdomen.

A grand jury indicted defendant, Miller and Green for acting in concert to commit two counts of murder in the second degree (intentional and depraved indifference) and additional charges. At defendant's trial, defense counsel never claimed that the evidence proved only an intentional killing. The trial court, without objection, charged the jury on both intentional and depraved indifference murder as defined by *People v Register* (60 NY2d

270 [1983]). The jury acquitted defendant of intentional murder but convicted him of depraved indifference murder.

The Appellate Division affirmed defendant's conviction, one Justice dissenting. Although all five Justices recognized that defendant had not preserved a legal sufficiency claim, they disagreed on how to perform the weight of the evidence review. The majority noted that, on appeal, defendant had argued only that the evidence did not support the verdict because of inconsistencies in the testimony; he did not claim that the weight of the evidence proved only intentional murder. Thus, limiting its consideration to defendant's appellate argument, the court confined its weight review to credibility issues and concluded that, though the witnesses recalled defendant's actions during the crime differently, the evidence nonetheless supported the jury's verdict. In dissent, Justice Mazzarelli urged that a reviewing court must weigh the evidence in light of the elements of the crime and that the evidence here could support only intentional murder. Justice Mazzarelli granted leave to appeal to this Court.

In the second appeal, *People v Pasley*, the People presented evidence that a group of friends, after taking the subway from Brooklyn to Manhattan's Times Square, encountered defendant coming up the staircase at the 42nd Street subway station. After pushing between the victim, Michael Bishop, and another member of the group, defendant demanded Bishop's chain, reached for it and then with his other hand made a quick slashing motion across Bishop's neck. Defendant fled. When the police caught defendant, they recovered the chain from his pocket, and later discovered a bloody box cutter in the back of the patrol car in which he had been taken to the precinct. Bishop bled to death.

Defendant testified that, while on the subway ride from Brooklyn to Manhattan, he had an argument with one of the group members. Fearing for his safety, defendant, at the 42nd Street station, waited for the group by the token booth. As the men in the group surrounded him, defendant put his hand in his pocket. Defendant thought he saw something silver in Bishop's hand, so he preemptively started swinging his box cutter at the group. Defendant denied that he intended to rob anyone but could not explain how Bishop's chain wound up in his pocket. A grand jury indicted defendant for, among other charges, murder in the first degree (intentional felony murder) and three counts of murder in the second degree (intentional,

depraved indifference and felony murder). At trial, defense counsel did not argue that the evidence proved only an intentional homicide. The trial court, in accordance with *Register*, charged the jury that depraved indifference murder required a reckless mens rea with objective circumstances showing "a depraved indifference to human life."

The jury acquitted defendant of first-degree and second-degree intentional murder but convicted him of depraved indifference murder. Prior to sentencing, defendant filed a CPL 330.30 motion claiming that the evidence supported only an intentional murder theory, and that the evidence was legally insufficient to support depraved indifference murder, for the first time citing *People v Hafeez* (100 NY2d 253 [2003]). The trial court denied the motion. On appeal, defendant argued that the evidence supported only a theory of intentional murder or at most reckless, not depraved indifference, murder. The Appellate Division affirmed defendant's conviction. The majority refused to conduct an element-based weight of the evidence review since defendant failed to preserve his legal sufficiency claim. Instead, it weighed witness credibility and determined that the conviction was not against the weight of the evidence. Justice Mazzarelli concurred, concluding that even using an element-based weight review, defendant's conviction was proper, and she granted leave to appeal to this Court.

## Analysis

Upon defendant's request, the Appellate Division must conduct a weight of the evidence review (CPL 470.15 [5]; *People v Romero*, 7 NY3d 633, 636 [2006]; see Karger, Powers of the New York Court of Appeals § 13:7, at 473 [3d ed rev]). Thus, a defendant will be given one appellate review of adverse factual findings.

As we recently made clear in *Romero*, weight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt (*People v Crum*, 272 NY 348 [1936]).

■ Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial (see *Tibbs v Florida*, 457 US 31,

42 [1982]). Necessarily, in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt. Sitting as the thirteenth juror, moreover, the reviewing court must weigh the evidence in light of the elements of the crime as charged to the other jurors, even when the law has changed between the time of trial and the time of appeal (*People v Noble*, 86 NY2d 814, 815 [1995]).

A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (*People v Acosta*, 80 NY2d 665, 672 [1993], quoting *People v Steinberg*, 79 NY2d 673, 681-682 [1992]). A sufficiency inquiry requires a court to marshal competent facts most favorable to the People and determine whether, as a matter of law, a jury could logically conclude that the People sustained its burden of proof.

A legally sufficient verdict can be against the weight of the evidence (*see e.g. People v Cahill*, 2 NY3d 14, 62 [2003] [a capital case where we concluded that the witness-elimination murder charge was legally sufficient but against the weight of the evidence]). In noncapital cases, this Court is without authority to review the Appellate Division's weight of the evidence determination (Karger, Powers of the New York Court of Appeals § 21:6, at 754). When the Appellate Division has not properly conducted that review, we reverse and remit to that court (*People v Bleakley*, 69 NY2d 490, 496 [1987]).

Applying the foregoing principles, we now affirm the order of the Appellate Division in *Danielson*, and reverse and remit in *Pasley*.

■■ In *Danielson*, although the Appellate Division majority incorrectly concluded that it was unnecessary to conduct element-based review, it did alternatively consider the credible evidence, conflicting testimony and inferences that could be drawn from the evidence. Viewing that evidence in light of the elements as charged at trial, the majority concluded that the jury correctly weighed the evidence when it convicted defendant of depraved indifference murder. Because the majority conducted a weight of the evidence review, we affirm. We cannot reach that same conclusion in *Pasley*. A fair reading of the decision

indicates that the court limited its weight of the evidence review to credibility issues and failed to weigh the conflicting testimony and conflicting inferences in light of the elements as charged at trial. We must, therefore, reverse defendant's conviction and remit to that court for a weight of the evidence review.

Finally, in both cases we reject defendants' claimed ineffective assistance of counsel for failure to raise a legal sufficiency argument. In *Danielson*, under the law at the time of trial, circumstantial evidence of intent would still have supported a depraved indifference murder verdict. Similarly in *Pasley*, the jury could have inferred that defendant did not intend to kill Bishop when he indiscriminately swung the box cutter at the group.

Accordingly, in *People v Danielson*, the order of the Appellate Division should be affirmed. In *People v Pasley*, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for further proceedings in accordance with this opinion.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

In *People v Danielson*: Order affirmed.

In *People v Pasley*: Order reversed, etc.