■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PAGE, Appellant. [868 NYS2d 526]—

To the extent defendant is challenging the sufficiency of the evidence, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. In addition, we find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The People's case included defendant's admissions to an acquaintance and extensive circumstantial evidence. There is no basis for disturbing the jury's credibility determinations concerning the testimony of the civilian witnesses as well as that of the police witnesses who gathered physical evidence.

The trial court properly denied defendant's request for a missing witness charge regarding the son of the main prosecution witness, on the ground that the uncalled witness was not under the People's control (*see People v Gonzalez*, 68 NY2d 424, 429 [1986]). The uncalled witness's mother was not a victim of the crime, and there were no circumstances warranting an expectation that the uncalled witness would testify favorably to the People.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SMITH, Also Known as JAMES JOHNSON, Appellant. [869 NYS2d 844] No opinion. Order filed. Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.