*404 Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered March 17, 2008, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility, including its evaluation of alleged inconsistencies in testimony and its rejection of defendant’s claim that the officers fabricated a drug transaction.
The court properly received evidence that the building in front of which the officers observed defendant was a drug-prone location, and that the officers were patrolling there in response to citizen complaints, since this evidence tended to explain the presence and conduct of the police (see e.g. People v Washington, 259 AD2d 365 [1999], lv denied 93 NY2d 1006 [1999]); the fact that the officers described the particular building as drug-prone was not unduly prejudicial. Since defendant was charged with possession with intent to sell, the court also properly received evidence of his possession of $337 in small bills (see e.g. People v White, 257 AD2d 548 [1999], lv denied 93 NY2d 930 [1999]). Even if police credibility was the main issue, intent to sell was still an essential element, and the People “were not bound to stop after presenting minimum evidence” (People v Alvino, 71 NY2d 233, 245 [1987]). We also note that, with respect to both the drug-prone location evidence and the cash, the court provided suitable limiting instructions that minimized any potential prejudice.
Defendant’s challenges to the prosecutor’s summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). Concur—Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.