■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FORTUNE, Appellant. [916 NYS2d 47]—Judgment, Supreme

Court, New York County (Renee A. White, J.), rendered April 7, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. We do not find the police testimony to be implausible or materially inconsistent.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The convictions at issue were highly probative of defendant's credibility, and their probative value outweighed any prejudicial effect, which the court minimized by precluding inquiry into prejudicial underlying facts.

Defendant's generalized objections failed to preserve his challenges to the prosecutor's summation (*see e.g. People v Harris*, 98 NY2d 452, 492 [2002]) and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Renwick, Freedman and Manzanet-Daniels, JJ.