■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HULING, Appellant. [33 NYS3d 725]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered August 20, 2014, convicting defendant, after a nonjury trial, of harassment in the second degree, and sentencing him to a conditional discharge for a period of one year, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. Defendant's acquittal of other charges does not warrant a different conclusion, because the court, as the trier of fact, was entitled to disregard so much of the victim's testimony as it found untruthful, and accept so much of it as found truthful (*see People v Ramos-Medina*, 113 AD3d 543, 544 [1st Dept 2014], *lv denied* 23 NY3d 1024 [2014]).

Defendant's challenges to the timing of the People's filing of a superseding prosecutor's information that removed or reduced certain charges, and to the transfer of the case from an Integrated Domestic Violence part to a regular Supreme Court part for trial, do not raise jurisdictional defects or mode of proceedings errors, and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.