■ The People of the State of New York, Respondent, v Marco Ramos, Appellant. [43 NYS3d 747]—

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered January 7, 2015, convicting defendant, after a jury trial, of grand larceny in the second degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The verdict was not against the weight of the evidence, as viewed in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). In the factual context of the case, the court's reference to lack of consent in its definition of larceny did not refer to the victim's physical relinquishment of a check, which was undisputedly consensual at the moment of the transfer, but to the victim's lack of consent to defendant's misuse of the funds represented by the check. This is the only way the jury could have understood the charge, which would otherwise make no sense under the facts, and in this Court's role as "thirteenth juror," we conclude that this is how "the elements of the crime [were] charged to the other jurors" (*id.* at 349), and we view the evidence in that light.

The court properly ruled that the prosecutor's disclosure, after the verdict, of several pages of notes of witness interviews, which had been misfiled, did not require reversal because defendant failed to demonstrate that there was "a reasonable possibility that the non-disclosure materially contributed to the result of the trial" (CPL 240.75).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]).

We perceive no basis for reducing the sentence. Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.