People v Pastor (2018 NY Slip Op 02303)





People v Pastor


2018 NY Slip Op 02303


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6179 3362/16

[*1]The People of the State of New York, Respondent,
v
Anthony Pastor, Defendant-Appellant.


White & White, New York (Brendan White of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered May 31, 2017, as amended July 26, 2017, convicting defendant, after a jury trial, of aggravated cruelty to animals and overdriving, torturing, and injuring animals, and sentencing him to an aggregate term of two years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence overwhelmingly established that defendant intentionally killed his girlfriend's dog, with aggravated cruelty (see Agriculture and Markets Law §§ 353, 353-a[1]). The egregious circumstances of this case are briefly summarized in our per curiam opinion disbarring defendant (Matter of Pastor, 154 AD3d 184 [1st Dept 2017]). There is no basis for disturbing the jury's credibility determinations. The only rational explanation of the compelling circumstantial evidence is that the dog was killed by defendant, and not by his girlfriend, a stranger, or anyone else, and defendant's arguments to the contrary are without merit.
The court providently exercised its discretion in admitting, on the issues of identity and motive, evidence that defendant had previously beaten a former girlfriend's dog, and that this dog died under circumstances very similar to those of the charged crime (see e.g. People v Walker, 293 AD2d 411, 411-412 [1st Dept 2002] lv denied 98 NY2d 682 [2002]). Initially, we note that there was strong circumstantial evidence that defendant actually committed the uncharged crime, and we reject his claims to the contrary. The probative value of the uncharged crime outweighed any potential prejudice, which was minimized by the court's thorough and repeated limiting instructions. In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
To the extent defendant is challenging portions of the prosecutor's summation, those challenges are unpreserved, and in any event unavailing.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK