People v Eaddy (2018 NY Slip Op 08264)





People v Eaddy


2018 NY Slip Op 08264


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Tom, Moulton, JJ.


7796 2923/10

[*1]The People of the State of New York, Respondent,
v
Maurice Eaddy, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Christina Wong of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered September 15, 2010, as amended October 15, 2010, convicting defendant, after a nonjury trial, of course of sexual conduct against a child in the first degree, criminal sexual act in the second degree and sexual abuse in the second degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations, including its evaluation of any inconsistencies in the victim's testimony.
Defendant's objections, made on different grounds from those on which the court actually received the evidence, or those defendant raises on appeal, failed to preserve his present challenges to the testimony of the victim's teacher and friend concerning her disclosure of the alleged sexual abuse, and we decline to review them in the interest of justice. As an alternative holding, we conclude that the testimony of the victim's friend was admissible under the state of mind exception to the hearsay rule (Prince, Richardson on Evidence § 8-106 at 502 [Farrell 11th ed]), and as a proper description of the victim's demeanor (People v Spicola, 16 NY3d 441, 452 n 2 [2011]). The victim's teacher's testimony about the victim's disclosure was admissible for the "relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to defendant's arrest" (People v Ludwig, 24 NY3d 221, 231 [2014]). In any event, any error in admitting either or both forms of testimony was harmless, particularly because the victim's credibility was tested through cross-examination (see id. at 230), and because the court, as fact-finder, is "presumed to have considered only the legally competent evidence adduced at trial and to have excluded inadmissible evidence from [its] deliberations and verdict" (People v Dones, 250 AD2d 381, 382 [1st Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK