People v Gonzales (2019 NY Slip Op 03148)





People v Gonzales


2019 NY Slip Op 03148


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9101 774/15

[*1]The People of the State of New York, Respondent,
v Christopher Gonzales, Defendant-Appellant.


Larry Sheehan, Bronx, for appellant.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ethan Greenberg, J. at suppression hearing; Miriam R. Best, J. at jury trial and sentencing), rendered October 6, 2017, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The hearing evidence established a lawful traffic stop.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence amply supported the conclusion that defendant possessed a loaded pistol that was in his car.
The court properly denied defendant's request for a missing witness charge (see generally People v Gonzalez, 68 NY2d 424, 427 [1986]). The uncalled police witness would not have been able to provide any material testimony. At most, the officer could have testified about a matter relating to the chain of custody for the pistol, which was never at issue at the trial.
The court providently exercised its discretion when it denied defendant's mistrial application based on the jury's stated inability to reach a verdict, and instead delivered an Allen charge. To the extent defendant is challenging the content of the charge, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK