People v Mayrant (2019 NY Slip Op 03444)





People v Mayrant


2019 NY Slip Op 03444


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


305/13 9201 9200

[*1]The People of the State of New York, Respondent,
v
Raymond Mayrant, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Alvin M. Yearwood, J.), rendered January 5, 2016, as amended February 11, 2016, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him to consecutive terms of 25 years to life and 25 years, respectively, unanimously affirmed.
The court properly granted the People's challenge for cause to a prospective juror. This issue turns on whether certain clearly disqualifying statements made by a panelist not identified in the record were, in fact, made by the panelist who was the subject of the challenge. The voir dire record, viewed as a whole, supports the inference that it was the panelist in question who made these statements. Accordingly, the court providently exercised its discretion in excusing the panelist for cause, because her answers cast "serious doubt on [her] ability to render an impartial verdict" (People v Arnold, 96 NY2d 358, 363 [2001]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The surviving victim's account of the incident was plausible, and was corroborated by other evidence, while defendant's testimony was incredible.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK