People v Matias (2020 NY Slip Op 50836(U))

[*1]

People v Matias (George)

2020 NY Slip Op 50836(U) [68 Misc 3d 126(A)]

Decided on July 17, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 17, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman P.J., Cooper, Torres, JJ.

570046/19

The People of the State of New York,
Respondent, 
against
George Matias, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Phyllis Chu, J.), rendered December 7, 2018, after a nonjury trial, convicting him
of public lewdness and exposure of a person, and sentencing him to two years' probation.

Per Curiam.
Judgment of conviction (Phyllis Chu, J.), rendered December 7, 2018, affirmed.
The verdict convicting defendant of public lewdness (see Penal Law §
245.00[a]) and exposure of a person (see Penal Law § 245.01]) was based on legally
sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d
342, 348-349 [2007]), which established that defendant exposed his penis and masturbated
on a subway train. We find no basis to disturb the court's credibility determinations in which it
credited complainant's testimony and found defendant's witness not to be credible. Contrary to
defendant's contention, complainant's testimony was not incredible as a matter of law. The
testimony was not manifestly untrue, physically impossible, contrary to experience, or
self-contradictory (see People v
Harris, 56 AD3d 1267, 1268 [2008], lv denied 11 NY3d 925 [2009]). Rather, it
presented issues that are best determined by the trier of fact who has the advantage of observing
the witnesses and, necessarily, is in a superior position to judge veracity than an appellate court,
which reviews but the printed record (see People v Stroman, 83 AD2d 370, 372
[1981]).
We perceive no basis for reducing the probationary sentence.
Shulman, P.J. and Torres, J. concur.
Cooper, J. dissents in a memorandum as follows:
Cooper, J. (dissenting)
I respectfully dissent.
An intermediate appellate court is authorized to determine questions of law and issues of fact
(CPL 470.15[1], [3]), to reverse or modify a judgment when the verdict is against the weight of
the evidence (CPL 470.15[5]), and to reverse "[a]s a matter of discretion in the interest of justice"
(CPL 470.15[3], [6]). Our broad interest of justice power permits us to vacate a conviction
— even when reversal may not be strictly warranted on the law or the facts — if
"there [*2]is a grave risk that an innocent [person] has been
convicted" (People v Carter, 63 NY2d 530, 536 [1984], quoting People v Kidd,
76 AD2d 665, 668 [1980], lv dismissed 51 NY2d 882 [1980]; see People v.
Spector, 170 Misc 2d 904, 907 [App Term, 1st Dept 1996]["Although the prosecution
evidence was legally sufficient from a technical standpoint and the verdict may not have been
against the weight of the evidence in the accepted legal sense, we think this is an appropriate case
to exercise our unique statutory authority to reverse the conviction in the interest of justice..."
[internal citations omitted]); see also
People v Givaun B., 32 Misc 3d 138[A], 2011 NY Slip Op 51549[U][App Term 2d
Dept, 11th & 13th Jud Dists 2011]).
I am of the opinion that this is one of those rare cases where it would be appropriate to set
aside the conviction in the interest of justice. I am further of the opinion that the weight of the
evidence did not establish defendant's guilt beyond a reasonable doubt (see People v Lemoullec, 58 Misc 3d
159[A], 2018 NY Slip Op 50258[U] [App Term, 1st Dept 2018]). As a result, I would
reverse defendant's conviction and dismiss the accusatory instrument.
This conviction essentially rests upon complainant's uncorroborated testimony that the
50-year old defendant, who had no history of conduct of the type alleged here, exposed his penis
and was rubbing it with his thumbs for a "few minutes" as he sat next to complainant on a
crowded morning rush hour subway train while, at the same time, he was talking to his friend and
work supervisor [Cedeno], who was seated perpendicular to complainant. The implausible
scenario of events presented by complainant's uncorroborated testimony engenders a deep sense
of unease in this case. Unlike the typical situation where crowded conditions on a subway car
mask and facilitate sexual misconduct, the opposite is true in this case. The crowded condition on
the subway car at issue makes it improbable that no one else saw the seated defendant —
who, as complainant described, was chatting with Cedeno in a "gregarious" manner from the
moment they entered the car — with his penis fully exposed and openly masturbating for a
"few minutes" as the rush hour "A" train proceeded downtown from 175th Street to 34th Street,
making five stops on the way. Yet there was no contemporaneous discernible response from
complainant or anyone else, nor any evidence that anyone other than complainant saw what
purportedly occurred.
In addition, there were significant inconsistencies in the complainant's testimony —
particularly with regard to her prior statements concerning the incident — and a telling
lack of detail surrounding her account of the event. Moreover, Cedeno categorically disputed
complainant's account in testimony that, unlike complainant's testimony, was consistent and
detailed. Even after giving "great deference" to the trial court's credibility determination, I would
conclude, as we are permitted to do upon appellate weight-of-the-evidence review, that Cedeno
was the more credible witness (see
People v Delamota, 18 NY3d 107, 116 [2011]; People v Romero, 7 NY3d 633, 642-45 [2006]).
In the circumstances, I am left with a very disturbing feeling that guilt has not been
satisfactorily established; that there is a grave risk that an innocent person has been convicted;
and that we should therefore not let this conviction stand (see People v Kidd, 76 AD2d at
668).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: July 17, 2020