People v Rich (2020 NY Slip Op 05871)





People v Rich


2020 NY Slip Op 05871


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Ind No. 932/15 932/15 Appeal No. 12112 Case No. 2018-1108 

[*1]The People of the State of New York, Respondent,
v
Steve Rich, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered February 28, 2017, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Abundant circumstantial evidence established that defendant was not merely present while others agreed to sell drugs (cf. People v Reyes, 31 NY3d 930 [2018]), but agreed with others to transport large amounts of cocaine for the purpose of sale. Among other things, defendant served as a driver in connection with a sale to an undercover detective, and was frequently observed sharing cars with the undisputed leader of the drug selling organization. Defendant and another codefendant were seen carrying luggage from the leader's residence to a car, and an officer who pulled them over found a total of approximately $400,000 in the bags as well as approximately $9,000 on defendant's person, raising a reasonable inference that defendant knew what the luggage contained (see People v Reisman, 29 NY2d 278, 285-286 [1971], cert denied 405 US 1041 [1972]),
Defendant's claim that his counsel was ineffective in failing to raise any of his appellate arguments in support of his motion to dismiss is unavailing, because those arguments would have had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020