People v Mitchell (2020 NY Slip Op 06722)





People v Mitchell


2020 NY Slip Op 06722


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Ind No. 1900/10 1900/10 Appeal No. 12398 Case No. 2019-3022 

[*1]The People of the State of New York, Respondent,
v
Robert Mitchell, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered September 3, 2014, as amended January 7, 2015, convicting defendant , after a jury trial, of murder in the second degree (two counts) and attempted murder in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 75 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentences on the murder convictions be served concurrently with each other, resulting in a new aggregate term of 50 years to life, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of minor inconsistencies in testimony. Defendant's guilt was established by the testimony of numerous eyewitnesses.
The court providently exercised its discretion in determining that an inquiry pursuant to People v Buford (69 NY2d 290 [1987]) was not required, given the results of the court's preliminary inquiry (see People v Kuzdzal, 31 NY3d 478, 485 [2018]). When the court received a request that it speak with one of the jurors in private, counsel agreed to have the court speak to the foreperson alone, and off the record. After this interview, the court reported that the jury was concerned that the simultaneous departure from the courtroom of both jurors and spectators was creating "unnecessary" contact between jurors and family members of the victims and defendants, a matter that the court then rectified. Nothing in the foreperson's statements suggested that the contact outside the courtroom may have caused any juror to become grossly unqualified or unable to render an impartial decision, or that further inquiry along those lines was necessary.
The court properly denied defendant's challenges for cause to three prospective jurors. None of these panelists' statements "cast serious doubt on their ability to render an impartial verdict" (People v Arnold, 96 NY2d 358, 363 [2001]), and each panelist's responses, viewed as a whole, provided an unequivocal declaration that each would be a fair and impartial juror, who would follow the court's instructions.
We find the sentence excessive to the extent indicated. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020