People v Grasso (2020 NY Slip Op 07320)





People v Grasso


2020 NY Slip Op 07320


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Ind No. 925/12 925/12 Appeal No. 12566 Case No. 2017-970 

[*1]The People of the State of New York, Respondent,
v
Luigi Grasso, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), and Weil, Gotshal & Manges, LLP, New York (Amanda K. Pooler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J. at suppression hearing; Ellen N. Biben, J. at jury trial and sentencing), rendered March 9, 2016, as amended May 9, 2016, convicting defendant of criminal possession of a weapon in the second degree (six counts) and criminal possession of a weapon in the third degree, and sentencing him, as a persistent felony offender, to seven concurrent terms of 20 years to life, unanimously affirmed.
Defendant failed to preserve the issue of legal insufficiency and we decline to reach it in the interest of justice. Alternatively, we find that the evidence was legally sufficient under a [*2]theory of accomplice liability to establish that defendant possessed the two pistols recovered from codefendant's person and the trunk of codefendant's car when defendants were both arrested. Initially, we find, as the People do not dispute, that the evidence was legally insufficient to convict defendant of possession of the codefendant's pistols under a constructive possession theory.
A verdict is legally sufficient when, viewing the evidence in the light most favorable to the prosecution, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt (People v Danielson, 9 NY3d 342, 349 [2007]). Initially, we find, as the People do not dispute, that the evidence was legally insufficient to convict defendant of possession of the codefendant's pistols under a constructive possession theory.
A defendant is liable as an accomplice for weapons possession when, acting with the requisite mental culpability, he solicits, requests, commands, importunes or intentionally aids another's unlawful possession of a weapon (Penal Law § 20.00). Defendant need not actually possess the weapons. Rather a defendant will be criminally liable when the evidence shows that the gun recovered was an instrumentality of a joint criminal enterprise (People v Hoke, 114 AD3d 538 [1st Dept 2014], lv denied 22 NY3d 1199 [2014]).
The evidence in this case was legally sufficient to establish that the weapons in codefendant's possession were instrumentalities of a joint criminal enterprise. Wiretapped communications and surveillance of defendant and codefendant showed that they were poised to commit a crime on the evening that they were arrested, when the weapons were recovered. They were working together in pursuit of a targeted individual, with the intention of committing a crime and that the crime involved possession of operable firearms. Defendant told codefendant that he would be arriving at their meeting spot before proceeding to pursue their target "loaded up." Notwithstanding defendant's testimony to the contrary, it is reasonable to conclude that defendant was referring to an armed weapon. This gives rise to permissible inferences that defendant and co-defendant intended to use firearms in the course of acting together that evening to commit a crime and that the weapons possessed by co-defendant when they met were part of their joint criminal enterprise. We also find that evidence was not against the weight of the evidence.
With regard to the pistol and knife recovered from defendant's person incident to arrest, the court correctly denied defendant's suppression motion. Based on all the facts and circumstances elicited at the suppression hearing (see People v Shulman, 6 NY3d 1, 26 [2005]), it appeared "at least more probable than not" that defendant and the codefendant were engaged in criminal conduct (People v Carrasquillo, 54 NY2d 248, 254 [1981]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020

[*3]