People v Guerra (2021 NY Slip Op 01730)





People v Guerra


2021 NY Slip Op 01730


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Ind No. 1188/16 Appeal No. 13404 Case No. 2019-4795 

[*1]The People of the State of New York, Respondent,
v
Santino Guerra, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel), and Winston & Strawn LLP, New York (Patrick S. Opdyke of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered February 16, 2018, as amended February 22, 2018, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of three years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations, including its resolution of inconsistencies in testimony. The credible evidence disproved defendant's justification defense beyond a reasonable doubt. Among other things, the evidence refuted defendant's testimony that the victim swung a bottle at him.
The court correctly precluded defendant from introducing the victim's prior violent acts for the purpose of proving that the victim was the initial aggressor (see People v Miller, 39 NY2d 543 [1976]). Since the acts were unknown to defendant, they were irrelevant to his state of mind at the time of the altercation and cannot establish that the victim was the initial aggressor (id. at 549).
The court providently exercised its discretion in imposing reasonable limits on defendant's cross-examination of the victim, based on its determination that the jury might improperly use information about the victim's prior violent acts to determine the issue of who was the initial aggressor. Defendant received ample latitude in which to challenge the victim's credibility, including extensive cross-examination about the victim's prior record. Accordingly, we find no violation of defendant's constitutional right to confront witnesses (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021