People v Razzoli (2021 NY Slip Op 50333(U))

[*1]

People v Razzoli (Kevin)

2021 NY Slip Op 50333(U) [71 Misc 3d 133(A)]

Decided on April 16, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 16, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570268/19

The People of the State of New York,
Respondent, 
against
Kevin Razzoli, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Tara A. Collins, J.), rendered April 19, 2019, after a nonjury trial, convicting him of
criminal trespass in the third degree and trespass, and imposing sentence.

Per Curiam.
Judgment of conviction (Tara A. Collins, J.), rendered April 19, 2019, modified, on the law,
to the extent of vacating defendant's conviction for trespass and dismissing that count of the
accusatory instrument, and otherwise affirmed.
Per Curiam.
The verdict convicting defendant of criminal trespass in the third degree (see Penal
Law § 140.10) was supported by legally sufficient evidence and was not against the weight
of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis to
disturb the court's credibility determinations. The evidence at trial established that the Hunts
Point Terminal Market was "fenced or otherwise enclosed" (Penal Law § 140.10[a]) in a
manner designed to exclude those who do not have a valid Market ID or Day/Visitor's Pass
permitting entry, and was not a place "open to the public" pursuant to Penal Law § 140.00
(see People v Licata, 28 NY2d 113, 115 n 2 [1971]). Defendant's presence inside the
Market on October 17, 2016, without the requisite Market ID or visitor's pass, established that he
"enter[ed] or remain[ed] unlawfully" in the premises (see William C. Donnino, Practice
Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 140.00 [2010 ed.], at
13). Defendant's knowledge that he entered or remained unlawfully is properly inferred from the
surrounding circumstances, including the conspicuously posted signs, his prior possession of a
Market ID, before it was revoked, and his prior purchases of Day Passes.
Inasmuch as the Market was not open to the public, we need not reach defendant's arguments
concerning the validity of a prior directive banning him from the Market (see People v [*2]Leonard, 62 NY2d 404, 408 [1984]).
We reject defendant's contention that he was deprived of a fair trial based upon the Criminal
Court's refusal to permit one Peter Alphas, a former co-operator and Board Member of the
Market, to testify by Skype. Defendant neither demonstrated necessity for this extraordinary
procedure (see People v Wrotten, 14 NY3d 33, 40 [2009], cert denied 560 US
959 [2010]; People v Giurdanella,
144 AD3d 479 [2016], lv denied 29 NY3d 948 [2017]), nor that Alphas possessed
any relevant information about the underlying incident. To the extent that Alphas possessed any
information not properly deemed collateral, the People and defendant agreed to stipulate to those
facts.
Defendant's conviction of third-degree criminal trespass requires dismissal of the lesser
included charge of trespass (see CPL 300.40[3][b]). We modify accordingly.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: April 16, 2021