People v Robinson (2023 NY Slip Op 05669)

People v Robinson

2023 NY Slip Op 05669

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Ind. No. 1862/20 Appeal No. 970 Case No. 2022-00142 

[*1]The People of the State of New York, Respondent,
v
Savion Robinson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Peter Rienzi of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J. at suppression hearing; Ruth Pickholz, J. at nonjury trial and sentencing), rendered December 15, 2021, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The victim's testimony and video surveillance footage established that defendant took the victim's bike and attempted to flee with it. That same evidence supports the conclusion that defendant punched and kicked the victim when defendant was caught in order to either retain the bike or overcome the victim's resistance to the taking (see Penal Law § 160.00[1]; People v Gordon, 23 NY3d 643, 650 [2014]; People v West, 206 AD3d 478, 479 [1st Dept 2022]).
The court properly denied defendant's motion to suppress his statements to the police, made at the scene of the fight, in response to the question "What happened" (see People v Hernandez, 217 AD3d 460, 460-461 [1st Dept 2023]). There was no custodial interrogation requiring Miranda warnings. Both defendant and the victim were placed into handcuffs immediately after the police stopped their fight as reasonable precautionary measures that did not elevate the detention to an arrest (People v Sanchez, 210 AD3d 599, 600-601 [1st Dept 2022], lv denied 39 NY3d 1157 [2023]). Here, a reasonable innocent person in defendant's situation would have believed that the police were still in the process of gathering information about the fight at the time the officer asked "What happened" (see People v Dillhunt, 41 AD3d 216, 217 [1st Dept 2007], lv denied 10 NY3d 764 [2008]). In any event, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023