People v Joseph (2024 NY Slip Op 03831)

People v Joseph

2024 NY Slip Op 03831

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2019-06483
 (Ind. No. 4641/18)

[*1]The People of the State of New York, respondent,
v
Wilkens Joseph, appellant.

Twyla Carter, New York, NY (Susan Epstein and John Vang of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered April 12, 2019, convicting him of robbery in second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of robbery in the second degree, arising out of his participation, with two codefendants, in the taking of the complainant's wallet and cell phone.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The verdict was based, inter alia, on the complainant's description of the defendant to the police, the complainant's identification of the defendant on two occasions prior to the defendant's arrest for the instant crime, and the complainant's in-court identification of the defendant.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Accordingly, we affirm the judgment of conviction.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court