People v Joseph (2025 NY Slip Op 01776)

People v Joseph

2025 NY Slip Op 01776

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Ind No. 2257/15|Appeal No. 3959|Case No. 2018-4813|

[*1]The People of the State of New York, Respondent,
v
Dalen Joseph, Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Taylor L. Napolitano of counsel), and Orrick, Hearrington & Sutcliffe, New York (Siobhan Atkins of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered March 23, 2018, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of fifteen years to life, unanimously affirmed.
The jury's verdict convicting defendant of felony murder was not against the weight of the evidence but was supported by overwhelming proof (see People v Danielson, 9 NY3d 342, 348 [2007]).
The court properly declined to charge the jury on justification regarding the felony murder count (see People v Walker, 78 AD3d 63, 67-71 [2d Dept 2010], lv denied 15 NY3d 956 [2010]). Justification has no application to that offense. Defendant suggests that the defense would lie if, for example, an unarmed defendant entered a store, pushed the owner away from the cash register and started removing cash, only to realize that the owner has drawn a gun, pointed it at him and cocked the trigger. Defendant's apparent argument that, in such circumstances, the intruder may draw his own gun, shoot the owner dead, and have engaged in no unlawful conduct finds no support in law or logic.
Defendant's sentence of fifteen years to life the statutory minimum, for this violent homicide does not constitute cruel and unusual punishment. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025