People v Chavis (2025 NY Slip Op 50742(U))

[*1]

People v Chavis (Marcus)

2025 NY Slip Op 50742(U) [85 Misc 3d 142(A)]

Decided on May 12, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 12, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570834/18

The People of the State of New
York Respondent,

against

Marcus Chavis,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Marsha D. Michael, J.), rendered August 16, 2018, after a nonjury trial,
convicting him of disorderly conduct, and imposing sentence.

Per Curiam.

Judgment of conviction (Marsha D. Michael, J.), rendered August 16, 2018,
affirmed.

The verdict convicting the defendant of disorderly conduct (see Penal Law
§ 240.20 [2]) was supported by legally sufficient evidence and was not against the
weight of the evidence (see
People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the
court's credibility determinations. The trial court, as factfinder, was warranted in
concluding that defendant's conduct - including screaming with two other individuals in
a stairwell of a New York City Housing Authority (NYCHA) residential building at 8:30
p.m., and then screaming and shouting obscenities when approached by police officers,
while repeatedly refusing to provide them with identification, recklessly created a risk of
a "potential or immediate public problem" (People v Weaver, 16 NY3d 123, 128 [2011], quoting
People v Munafo, 50 NY2d 326, 331 [1980]).

Nor was the accusatory instrument jurisdictionally defective. Defendant's intent to
cause "public inconvenience, annoyance or alarm," or recklessly create a risk thereof
(People v Weaver, 16 NY3d at 128) could be readily inferred from allegations
that when police approached "the screaming defendant" in a staircase of a NYCHA
building at 8:30 p.m., and asked for identification, defendant stated, in substance, "'f***
you, I'm not giving you my ID;" that when told he was acting in a disorderly manner and
that his identification was necessary, defendant stated "'f*** you, I'm still not giving you
my ID;" and then, as he was placed under arrest, defendant "pushed" an officer
"backward into a door" (see
People v McDuffie, 78 Misc 3d 131[A], 2023 NY Slip Op 50320[U] [App
Term, 1st Dept 2023], lv denied 40 NY3d 930 [2023]; People v Lee, 55 Misc 3d
138[A], 2017 NY Slip Op 50521[U] [App Term, 1st Dept 2017], lv denied
29 NY3d 1092 [2017]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: May 12, 2025