People v Smith (2019 NY Slip Op 08949)





People v Smith


2019 NY Slip Op 08949


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10569 130/16

[*1] The People of the State of New York, Respondent,
v
Russell Smith, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Barbara F. Newman, J. at jury trial; Robert E. Torres, J. at CPL 330.30 motion and sentencing), rendered May 19, 2017, as amended May 23, 2017, convicting defendant of rape in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its rejection of the defense of consent.
The court properly denied defendant's CPL 330.30(2) motion to set aside the verdict on the ground of juror misconduct. "[N]ot every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically" (People v Brown, 48 NY2d 388, 394 [1979]; see also People v Maragh, 94 NY2d 569, 574 [2000])). Under all the circumstances of the case, the extraneous information introduced by a juror was inconsequential and did not require that the verdict be set aside. No evidentiary hearing was necessary, because defendant was not entitled to a new trial even assuming the truth of his allegations about the juror's conduct.
To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK