Matter of Kevon L. (2019 NY Slip Op 08967)





Matter of Kevon L.


2019 NY Slip Op 08967


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10587 10586 10585 10584

[*1] In re Kevon L., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for presentment agency.



Orders of disposition, Family Court, New York County (Emily M. Olshansky, J.), entered on or about December 12, 2017 and March 13, 2019, which adjudicated appellant a juvenile delinquent, upon fact-finding determinations that he committed acts that, if committed by an adult, would constitute the crimes of menacing in the second degree (two counts), criminal possession of a weapon in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree, and also committed the act of unlawful possession of a weapon by a person under 16, and placed him with the Close to Home Program for concurrent periods of one year, unanimously affirmed, without costs.
Initially, there is no basis for disturbing the court's credibility determinations regarding the suppression ruling and the three fact-finding determinations challenged on appeal. Given the testimony credited by the court, we conclude that appellant's suppression motion was properly denied, and that the fact-finding determinations were based on legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
Regarding the November 19, 2016 incident, the court properly denied appellant's motion to suppress a knife. The description of the perpetrator of a larceny was sufficiently specific, when combined with the close temporal and spatial proximity between the larceny and the police encounter as well as appellant's acknowledgment to the police of his awareness of the larceny, to provide reasonable suspicion justifying a stop and detention for the purpose of identification (see e.g. Matter of Joshua D., 165 AD3d 540, 541 [1st Dept 2018]). The police testimony also established that appellant was searched pursuant to a lawful arrest only after being identified by the victim of the larceny.
Regarding the October 14 and November 16, 2016 incidents, the evidence established all the elements of second-degree menacing (Penal Law § 120.14[1]). The record supports inferences that in both instances appellant's display of knives caused the victims to fear physical harm, that appellant intended to cause such fear, and that the knives were dangerous instruments.
Regarding the January 22, 2017 incident, appellant's intent to permanently deprive the [*2]victim of property was readily inferable from his conduct and statements during the incident.
We have considered and rejected appellant's remaining arguments regarding each of the orders on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK