People v Hickman (2022 NY Slip Op 00512)





People v Hickman


2022 NY Slip Op 00512


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Ind No. 1384/16 4341/16 Appeal No. 15156-15156A Case No. 2019-3111 2021-02874 

[*1]The People of the State of New York, Respondent,
v
Dimel Hickman, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgments, Supreme Court, New York County (Michael J. Obus, J.), rendered on or about February 19, 2019, convicting defendant, after a jury trial, of two counts of grand larceny in the third degree, and also convicting him, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
Defendant's legal insufficiency claims concerning the value of the stolen property are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that there was legally sufficient evidence of value. We also find that the verdict was not against the weight of the evidence concerning that element (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Store employees provided competent evidence from which the jury could have drawn reasonable inferences that,
as to each theft, the value of the merchandise exceeded the statutory threshold (see People v Irrizari, 5 NY2d 142, 146 [1959]; People v Smith, 275 AD2d 673, 673 [1st Dept] lv denied 95 NY2d 969 [2000]; see also People v Trilli, 27 AD3d 349 [1st Dept] lv denied 6 NY3d 899 [2006]).
In light of our affirmance of defendant's conviction after trial, there is no basis for vacatur of his conviction by plea.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022