People v Torres (2022 NY Slip Op 50100(U))

[*1]

People v Torres (Junior)

2022 NY Slip Op 50100(U) [74 Misc 3d 129(A)]

Decided on February 17, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 17, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570032/18

 The People of the State of New York,
Respondent, 
against
Junior Torres, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Lyle E. Frank, J.), rendered December 12, 2017, after a nonjury trial, convicting
him of driving while impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Lyle E. Frank, J.), rendered December 12, 2017, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for
disturbing the court's determinations concerning credibility. The evidence established beyond a
reasonable doubt that defendant's ability to drive was impaired by the consumption of alcohol
(see Vehicle and Traffic Law § 1192[1]). The credited police testimony
demonstrated that defendant was speeding at 95 miles per hour while exhibiting classic signs of
intoxication, including bloodshot and watery eyes, slurred speech, a strong odor of alcohol on his
breath, and was unsteady on his feet as he exited his vehicle (see People v Cruz, 48 NY2d
419, 426-427 [1979], appeal dismissed 446 US 901 [1980]). Contrary to defendant's
contention, the People were not required to prove that he was driving erratically (see People v Fiumara, 116 AD3d
421 [2014], lv denied 23 NY3d 1036 [2014]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 17, 2022