People v Jamharian (2023 NY Slip Op 50466(U))

[*1]

People v Jamharian (Tigran)

2023 NY Slip Op 50466(U) [78 Misc 3d 135(A)]

Decided on May 11, 2023

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 11, 2023
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN
WALSH, JJ

2022-870 N CR

The People of the State of New
York, Respondent, 
against
Tigran Jamharian, Appellant. 

Elena Panagiotou, for appellant.
Long Beach Corporation Counsel, for respondent (no brief filed).

Appeal from a judgment of the City Court of Long Beach, Nassau County (William
Miller, J.), rendered September 28, 2022. The judgment convicted defendant, upon a
nonjury trial, of double parking, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the facts, the accusatory
instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged in a simplified traffic information with violating Section
15-172 (a) (11) of the Code of Ordinances of the City of Long Beach (double parking).
Following a nonjury trial, during which the police officer who had issued the simplified
traffic information to defendant was the sole witness, the court found defendant guilty
and sentenced defendant to a fine in the amount of $100.
Upon a defendant's request, this court must conduct a weight of the evidence review
and, thus, "a defendant will be given one appellate review of adverse factual findings"
(People v Danielson, 9 NY3d 342, 348 [2007]). "Necessarily, in conducting its
weight of the evidence review, a court must consider the elements of the [offense], for
even if the prosecution's witnesses were credible their testimony must prove the elements
of the [offense] beyond a reasonable doubt" (id. at 349). If it appears that the
factfinder failed to give the evidence the weight it should be accorded, this court may set
aside the verdict and dismiss the accusatory instrument (see CPL 470.20 [5];
People v Romero, 7 NY3d 633, 643-644 [2006]; People v Mateo, 2
NY3d 383, 410 [2004]). Application of these principles here warrants the conclusion that
the verdict convicting defendant of double parking in violation of section 15-172 (a) (11)
of the Code of Ordinances of the City of Long Beach was against the weight of the
evidence, as there was no proof that defendant's vehicle was parked "[o]n the roadway
side of any vehicle stopped or parked at the edge or curb of street" (Code of Ordinances
of the City of Long Beach § 15-172 [a] [11]) .
In light of the foregoing, defendant's other contention is rendered academic and we
do not [*2]pass upon it.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 11, 2023