People v Patterson (2023 NY Slip Op 50629(U))

[*1]

People v Patterson (Robert)

2023 NY Slip Op 50629(U)

Decided on June 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570131/16

The People of the State of New York, Respondent, 
against
Robert Patterson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin McGrath, J.), rendered February 18, 2016, after a nonjury trial, convicting him of driving while impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Kevin McGrath, J.), rendered February 18, 2016, affirmed. 
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]), which established that defendant operated a motor vehicle while impaired by alcohol (see Vehicle and Traffic Law § 1192[1]). The People presented evidence that defendant drove in an unsafe manner - he almost struck a marked police car before driving "straight through" a steady red light - and upon being stopped, exhibited visible signs of impairment by alcohol: his eyes were watery and bloodshot, his speech was slurred, and his breath had an odor of alcohol. Moreover, a plastic cup in the center console contained a "blackish brown" liquid that smelled "exactly like rum" and the results of the Intoxilyzer breath test device administered at the precinct measured defendant's blood alcohol content at .09 percent (see Vehicle and Traffic Law § 1195 [2][c]; People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 466 US 901 [1980]; People v Taylor, 104 AD3d 603 [2013], lv denied 21 NY3d 947 [2013]). We have no basis for disturbing the court's determinations concerning credibility, including its rejection of defendant's implausible contention that he did not voluntarily consume alcohol. The circumstances surrounding defendant's purchase of multiple (6) shots of the off-menu "All Around the World" drink, a 72 proof beverage, supported the conclusion that he voluntarily ordered and consumed an alcoholic beverage, and also supports the alternative conclusion that even if he did not know he was ordering an alcoholic drink, he would have immediately known that the drink contained alcohol upon tasting it.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 26, 2023