People v Celleri (2025 NY Slip Op 03657)

People v Celleri

2025 NY Slip Op 03657

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Ind. No. 1848/21|Appeal No. 4594|Case No. 2023-04282|

[*1]The People of the State of New York, Respondent,
v
Sergio P. Celleri, Defendant-Appellant.

Langone & Associates, PLLC, Garden City (Richard M. Langone of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered August 2, 2023, as amended on November 27, 2023, convicting defendant, after a jury trial, of sexual abuse in the first degree (four counts), course of sexual conduct against a child in the second degree, and endangering the welfare of a child (two counts), and sentencing him to an aggregate prison term of 12 years, unanimously affirmed.
Defendant failed to preserve his claim that the People did not prove that his conduct was for the purpose of sexual gratification (see People v Hawkins, 11 NY3d 484, 492 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, and we find that the sexual abuse and course of sexual conduct against a child counts were based on legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007], see also People v Baque, 43 NY3d 26 [2924]). One young victim testified that she woke up to find defendant rubbing her thigh and her shorts pulled halfway down her legs (Penal Law § 130.00[3], [7]; People v Bartell, 221 AD3d 416 [1st Dept 2023], lv denied 41 NY3d 1017 [2024]; People v Sene, 66 AD3d 427, 427-428 [1st Dept 2009], lv denied 13 NY3d 941 [2010]). Defendant repeatedly touched her vagina in several subsequent incidents over a period of two years (Penal Law § 130.80[1][b]). Moreover, her mother and sisters testified to her changed behavior during the period of the abuse. The other victim testified about two incidents in which defendant rubbed her vagina, once with his penis (see People v Cardona, 261 AD2d 202 [1st Dept 1999], lv denied 93 NY2d 967 [1999]). Defendant's intent to attain sexual gratification was inferable from his actions (see Matter of Najee A., 26 AD3d 258, 258-259 [1st Dept 2006], lv denied 7 NY3d 703 [2006]).
The court providently exercised its discretion in permitting the People to introduce as a prior consistent statement text messages from months before one of the victims reported her abuse, to rehabilitate her credibility after defense counsel's questioning during cross-examination suggested that she had fabricated her claims after her mother beat her (see People v McDaniels, 81 NY2d 10, 18 [1993]). In any event, any error was harmless (People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for disturbing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025