People v Perez
2026 NY Slip Op 03400
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Jason Perez, Defendant-Appellant.

Decided and Entered: June 02, 2026
Ind No. 3961/15|Appeal No. 6765|Case No. 2017-02024|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Twyla Carter, The Legal Aid Society, New York (Steven Berko of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sarah Lubin of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered January 9, 2017, as amended, January 11, 2017, and June 8, 2017, convicting defendant, after a jury trial, of burglary in the third degree and grand larceny in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 2 to 4 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). During an investigation prompted by items missing from private offices, defendant was captured on surveillance videotape, with codefendant, entering a locked private closet to which he was specifically denied access. He was seen entering with empty bags, exiting the closet with the same bags, now stuffed full, and ultimately taking the full bags through a door which led down a fire exit stairwell to the street. It was later discovered that merchandise and clothing valued in excess of $30,000 was missing.
Defendant's intentional presence in the restricted area and visible indication that he was removing items from the closet and then from the building using a route that avoided security cameras and led directly to the street provided compelling proof that defendant entered the private closet knowingly, unlawfully, and with larcenous intent (see People v Lamont, 25 NY3d 315, 319 [2015]; People v Bueno, 18 NY3d 160, 169 [2011]; People v Barnes, 50 NY2d 375, 381 [1980]). The jury was thus justified in finding defendant guilty of burglary in the third degree and grand larceny in the third degree.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026